UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )           No. 7:21-CR-005-REW-EBA
                                    )
v.                                  )
                                    )           ORDER
ERIC BANKS,                         )
                                    )
        Defendant.                  )

\*\*\* \*\*\* \*\*\* \*\*\*

On October 3, 2024, Defendant/Petitioner Eric Banks filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* DE 118 (Motion). The Court previously sentenced Banks to 360 months' imprisonment for producing child pornography in violation of 18 U.S.C. § 2251(a). *See* DE 92 (Judgment). In his petition, Banks raises two ineffective assistance of counsel claims: 1) counsel failed to properly advise him of the advantages and disadvantages of pleading guilty versus going to trial; and 2) counsel failed to advise him of his right to withdraw his guilty plea before the Court accepted it. *See* DE 118 at 4-5. Banks, proceeding by counsel, had promised a full memo in support but filed only the typical § 2255 form. Full briefing ensued. *See* DE 126; 130. Importantly, there is no affidavit, at any point, from Banks.

United States Magistrate Edward B. Atkins, on referral, conducted a full review, ultimately recommending that the Court deny the motion because Banks failed to demonstrate that his counsel provided ineffective assistance of counsel under *Strickland*'s prongs. *See generally* DE 131 (Report and Recommendation). The Recommendation counseled against an evidentiary hearing and the issuance of a certificate of appealability (COA). *See id*. at 9-11. Judge Atkins conducted

a thorough analysis as to each claim, invoking the proper legal standards and apt case law. Judge Atkins informed Banks of his right to object to the recommendation under 28 U.S.C. § 636(b)(1) within fourteen days. *Id*. at 11.

Banks timely objected to Judge Atkins's recommendation. *See* DE 132 (Objection). For the following reasons, the Court **DENIES** Banks's objection, **ADOPTS** Judge Atkins's recommendation, and **DENIES** Banks's § 2255 motion.

## I. Relevant Background

On April 22, 2021, a federal grand jury returned a single-count Indictment against Banks and Nicole Combs, charging them with production of child pornography, from September 2020 through April 2021, in violation of 18 U.S.C. § 2251(a). *See* DE 1 (Indictment). Ultimately, Banks filed a motion indicating intent to plead guilty, and he appeared before Judge Atkins for a rearraignment on July 14, 2021. *See* DE 42 (Minute Entry); DE 109 (Transcript).

During Banks's rearraignment, Judge Atkins conducted a full colloquy under Federal Rule of Criminal Procedure 11 and found Banks "to be fully competent and capable of entering an informed plea." *See* DE 42. Judge Atkins also found Banks "knowingly, voluntarily, and intelligently waived the right to appeal the guilty plea and conviction, but reserve[d] the right to appeal the sentence," and that, "[e]xcept for claims of ineffective assistance of counsel, Defendant also waived the right to collaterally attack the guilty plea, conviction, and sentence." *See* DE 44 (Plea Agreement) at 3; *see also* DE 45 (Recommendation to Accept Guilty Plea) at 2 ("Additionally, after advising the defendant of all applicable rights, covering the full tendered plea agreement (to include a partial appeal and collateral attack waiver) . . . the Court further found that the defendant pled guilty in a knowing, voluntary, and intelligent fashion."). Judge Atkins therefore found "[t]he plea of guilty [wa]s a knowing and voluntary plea supported by an

independent basis in fact containing the essential elements as charged in the indictment" and recommended that the plea be accepted and that Banks "be adjudged guilty of the offense charged in Count 1 of the Indictment." *See* DE 42.   The plea transcript fully supports the findings. *See* DE 109 at 23-41, 45-49.  Indeed, Judge Atkins, following a thorough colloquy with Banks, stated:

> Given the fact that you and I have taken so much time to discuss these today, I want to ask you, thinking back over the course of the last hour, do you still feel that you understand the terms of the agreement you've entered into in the case?

*See id*. at 52.  Banks confirmed, stating, "I understand." *See id.*

Judge Atkins recommended acceptance of Banks's guilty plea. *See* DE 45.  The parties consented to an abbreviated three business-day objection period. *See* DE 109 at 54.  Neither party objected to the Recommendation.  The Court adopted the Recommendation, accepted Banks's guilty plea, and adjudged Banks guilty of the charged offense on July 21, 2021. *See* DE 46 (Order Adopting Recommendation).  On April 7, 2022, the Court sentenced Banks to 360 months' imprisonment, the maximum on the single count. *See* DE 92.  Banks appealed his sentence to the Sixth Circuit, arguing that the Court had erred in applying the § 2G2.1(b)(5) and § 4B1.5(b)(1) enhancements. *See generally United States v. Banks*, No. 22-5304 (6th Cir. July 5, 2023).  The Sixth Circuit wholly affirmed. *See id.*

Banks, by counsel, timely filed a § 2255 motion, in which he argues that his trial counsel was ineffective on various grounds. *See* DE 118.  The Government responded in opposition, *see* DE 126, and Banks replied, *see* DE 130.  On referral, Judge Atkins found that Banks failed to establish ineffective assistance of counsel on any of the offered grounds and accordingly recommended that the undersigned deny Banks's motion and deny a COA on all issues. *See* DE 131.  Banks objected, though really only as to Judge Atkins's rejection of the plea withdrawal IAC theory and his refusal to recommend an evidentiary hearing. *See* DE 132.  The matter is ripe for ruling.  Banks presents no basis for relief in this case.

3

## II.   Standard of Review

When a party properly objects to a magistrate judge's recommendation, the Court reviews those portions de novo. *See* 28 U.S.C. § 636(b)(1)(C) (requiring "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, the Court need not conduct "review of a magistrate[] [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985).

Here, although Banks originally made a series of IAC claims, his objections are limited and targeted. He does not criticize most of Judge Atkins's legal rubric, and the Court adopts those parts not subject to objection. As to the claims, Banks only addresses Judge Atkins's rejection of the theory that Banks's counsel should have told Banks he could withdraw his plea for any reason prior to plea acceptance. *See* DE 132 at Section I & II. Banks further complains that Judge Atkins should have ordered an evidentiary hearing over contested facts. *See id.* at Section III. Those theories, the Court will address. The rest of the Recommendation from Judge Atkins, which rejected any misadvice theory or failure to properly consult, are not the subject of any objection.

The Court tailors its analysis accordingly.

## III.   Analysis

Banks objects to Judge Atkins's findings that: (1) trial counsel's alleged failure to advise of his right to withdraw the guilty plea prior to judicial acceptance did not constitute ineffective assistance of counsel; and (2) an evidentiary hearing was not necessary to resolve the claim. *See* DE 132. The Court recognizes Banks's comment concerning his § 2255 motion's compliance with

4

Rule 2's pleading requirements, *see* DE 132 at 6, but finds assessment of the topic unnecessary given that Judge Atkins, and the undersigned, nevertheless address the merits of his motion.

That said, it is important to note that Banks is represented by a lawyer. The lawyer filed the § 2255 form, and he did not include any affidavit from Banks. Further, Banks (via counsel or otherwise) never included an affidavit at later stages, such as through a main brief, through a reply, or through the objection phase. It is fair to observe that there is no proof, in this record, to support the key factual contentions in the papers, which are made by counsel and counsel alone. This is significant because the record *does* include Banks's sworn plea colloquy, *see* DE 109, and an unopposed affidavit from Banks's trial counsel, *see* DE 126-1 (O'Neill Aff.).

"'[T]he Sixth Amendment's requirement that defendants receive the effective assistance of competent counsel extends to all critical stages of a criminal proceeding,' including plea negotiations." *Gilbert v. United States*, 64 F.4th 763, 770 (6th Cir. 2023) (quoting *Byrd v. Skipper*, 940 F.3d 248, 255 (6th Cir. 2019)). "Although defendants have no constitutional right to a plea offer, when the Government chooses to enter into plea negotiations, the Constitution requires that defendants receive effective assistance in navigating that crucial process." *Id.* at 771 (citation and quotation marks omitted). A petitioner claiming ineffective assistance of counsel in the plea negotiation context must prove both deficient performance and prejudice. *See Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984); *Campbell v. Bradshaw*, 674 F.3d 578, 586 (6th Cir. 2012).

To prove deficient performance, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 104 S. Ct. at 2064. A petitioner meets this burden by showing that, in navigating the plea process, "counsel's representation fell below an objective standard of

5

reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 2064–65. Judicial scrutiny of counsel's performance, however, is "highly deferential," featuring a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 2065.

The prejudice inquiry requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. When evaluating prejudice, courts generally must consider the "totality of the evidence before the judge or jury." *Id.* at 2069. To establish prejudice in cases where a defendant rejected a plea offer and instead proceeded to trial, the petitioner must prove "but for his counsel's erroneous advice, there is a reasonable probability that he would have accepted a plea." *Moss v. United States*, 323 F.3d 445, 474 (6th Cir. 2003). The context matters, in properly casting the prejudice query. Thus, as Banks points out, where the issue is, *e.g.*, claimed ineffective assistance for failing to pursue a plea withdrawal motion, the prejudice question is whether there is a reasonable probability that such a motion would succeed. *See* DE 132 at 4-5 (citing *Haji-Mohamed v. United States*, No. 21-5733, 2024 WL 776116, at *1 (6th Cir. Feb. 26, 2024), *cert. denied*, 145 S. Ct. 289 (2024)). That is not exactly the posture here. The real questions are whether counsel was ineffective for not alerting Banks to the withdrawal interim, and secondarily, whether, if so informed, Banks would probably have taken advantage of the gap.

In his § 2255 motion, Banks alleges that trial counsel failed to inform him of the right to withdraw a guilty plea prior to acceptance by the Court. *See* DE 118 at 5. In this case, the plea process began with a Magistrate Judge. Banks moved to enter a guilty plea. *See* DE 38 (Motion for Rearraignment). The undersigned referred the plea hearing to Judge Atkins, to conduct the Rule 11 hearing and make a plea recommendation. *See* DE 39 (Order). He did so, recommending

6

plea acceptance. *See* DE 45. Thus, there was an interim between the Magistrate Judge's recommendation and plea acceptance by the Court; that is the period Banks targets, contending his lawyer should have told him he could have changed his mind and withdrawn the plea during that short interval.

Banks contends that following his rearraignment hearing, he began to "second guess" his decision to plead guilty, especially after he proffered and the Government did not confirm, in the moment, the value of his cooperation. *See* DE 118 at 5. Banks insists that had his counsel informed him of his right to withdraw the plea, he would, as a reasonable probability, have exercised it. *See* DE 130 at 5.

As an initial matter, a defendant has an "absolute right to withdraw an unaccepted guilty plea." *United States v. Mendez-Santana*, 645 F.3d 822, 827 (6th Cir. 2011); *see* FED. R. CRIM. P. 11(d)(1) (noting that a defendant may withdraw a guilty plea "before the court accepts the plea, for any reason or no reason"). Between the time that a court accepts the plea and imposes a sentence, a defendant can withdraw only if "the court rejects a plea agreement under Rule 11(c)(5)" or "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2). Here, Banks alleges that his hesitation in continuing to pursue a guilty plea arose July 15, 2021, the day after the rearraignment hearing. *See* DE 118 at 6. The Court did not accept Banks's guilty plea until July 21, 2021. Thus, as Judge Atkins duly recognized, Rule 11(d)(1) governs.

At this juncture, the undersigned deviates slightly from Judge Atkins's analysis. As part of the plea recommendation, Judge Atkins alerted Banks to his right to object and receive de novo consideration by the assigned District Judge. *See* DE 45 at 3 (noting the three-day period). In

assessing the withdrawal right, Judge Atkins reasonably concluded that because the Court informed Banks of the objection period, and because Banks declined to object, Banks thus failed to prove that the result of the proceeding would have been different even if given 11(d)(1) advice by counsel. *See* DE 131 at 9. Although this reasoning is logically sound, the undersigned instead finds that Banks failed to establish that his counsel's actions were improper, unreasonable, or contrary to Banks's directions. "[C]ounsel has no affirmative duty to advise a defendant of his right to move for withdrawal of his guilty plea." *See Cisneros v. United States*, No. 19-1357, 2021 WL 4270885, at *6 (6th Cir. Jan. 28, 2021). Indeed, an attorney's failure to move to withdraw a defendant's plea does not constitute ineffective assistance when the defendant does not clearly make such a request. *See, e.g., United States v. Scott*, 664 F. App'x 232, 241-42 (3d Cir. 2016) (noting that attorney was not ineffective for failing to move to withdraw guilty plea when defendant "had not communicated [a] clear desire to do so").

Here, Banks does not represent, nor does the record reflect, that he ever voiced plea hesitation or second guessing to his counsel. Banks's trial counsel, via affidavit, states that "[f]ollowing the rearraignment hearing, Mr. Banks never indicated to me he was having second thoughts, nor did I believe he was. I do not make it a practice to ask my clients after the hearing if they are sure they still want to go ahead with it [the guilty plea], as they have just said, under oath in court, that they were pleading guilty knowingly, willingly, and voluntarily." *See* DE 126-1 (Trial Counsel Affidavit). Given Banks's own decision not to express any hesitations regarding his guilty plea, and the lack of an affirmative advisement duty upon counsel, Banks cannot now show "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Strickland*, 104 S. Ct. at 2064-65. Because Banks has not met his burden to show

8

that his counsel's performance was deficient, his petition fails, and the Court need not reach the question of prejudice. *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) ("When deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'") (quoting *Strickland*, 104 S. Ct. at 2069).

A few additional notes: Banks offers no caselaw to support his advice premise, that counsel must alert a pleading defendant to the contents of Rule 11(d)(1). The generic contention that counsel must inform a defendant of any "material legal right" or "available legal options," *see* DE 132 at 2, sweeps too far. The Court has found no authority imposing a categorical advice duty on counsel in a situation of this type or sequence. *Cisneros*, addressing a companion provision of Rule 11(d), clearly states the contrary. Here, Judge Atkins completed a full and robust colloquy, and Banks entered a valid plea. *See generally* DE 109. Judge Atkins then made his recommendation, which included a plain opportunity for Banks to object and get fresh consideration by the Court. *See* DE 45 at 3. It strikes the Court as quite rational for counsel to eschew Rule 11(d)(1) advice in this context. Sworn statements confirmed Banks's plea intentions, with nothing indicating that Banks later quailed. Counsel O'Neill saw this as the culmination of the chosen strategic path: Banks had confessed to the crime, *see* DE 93 ¶ 18 (PIR, noting confession), and faced a well-supported digital case. At the plea point, he confronted only one count, but the Government, per O'Neill, was threatening to triple that number, given the three produced videos (which would triple the exposure). O'Neill counselled a plea with cooperation, all in hopes of eventually avoiding the worst aspects of § 2251(a) at sentencing. Banks acceded, pleading guilty and quickly proffering. Although this ultimately earned no 5K or § 3553(e) motion by the United States, the strategy did spare Banks a much higher exposure via stacked § 2251(a) counts. Sentencing, as always, was up to the Court, and the Court imposed the statute's limits on

9

the sole count.  Counsel pursued a rational strategy, one Banks endorsed, and a diligent lawyer would not think to advise a defendant of a withdrawal option squarely at odds with the plan and the dynamics of the immediate plea agreement and sworn colloquy.

Judge Atkins also properly rejected a hearing.  An evidentiary hearing "is required unless the record conclusively shows that the petitioner is entitled to no relief."  *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).  What does the record show?  The sworn and plenary plea colloquy appears.  *See* DE 109.  The Government offered an affidavit from trial-counsel O'Neill.  *See* DE 126-1.  Banks, by counsel, made extra-record assertions in the motion and briefing, but none of that finds support in the record itself, and Banks did not offer an affidavit or statement under penalty of perjury.  *See* § 2255 Rule 2(b)(5); *see also Phillips v. United States*, No. 22-1742, 2023 WL 5499543, at *2 (6th Cir. May 25, 2023) (upholding district court's denial of an evidentiary hearing where § 2255 movant did not submit any evidence in support of his ineffective-assistance claim and his unsworn allegations were contradicted by a declaration in the record).  Banks does cite authority regarding the hearing requirement, at DE 130 at 1-2, but the very case he leans on notes that the movant's *affidavit* was the key in establishing a hearing basis.  *See Martin v. United States*, 889 F.3d 827, 833 (6th Cir. May 14, 2018) (focusing on presence of affidavit, even if self-serving, as fundamentally different from allegations based only on movant's mere "own words"); *see also Johnson v. United States*, 2023 WL 6388869, at *1 (6th Cir. July 27, 2023) (noting, in rejecting § 2255 COA, that movant "did not otherwise present an affidavit or other evidence" in substantiation of claim).  The proof element wholly lacks, and the record, free of contested evidence, does not signal any hearing mandate.

Accordingly, the Court **ORDERS** as follows:

10

1.   The Court **ADOPTS** DE 131, subject to the stated reasoning, **OVERRULES** DE 132, and **DENIES** DE 118; and

2.   The Court further **DENIES** the issuance of a COA.  A COA may issue where a movant has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).  This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).  The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement.  *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001)).  Banks has not made a "substantial showing" as to any claimed denial of rights.  Reasonable jurists would not find the Court's determination debatable, and no COA should issue.  The Court further notes that Judge Atkins recommended COA denial, a point on which Banks did not demur.

This the 6th day of July, 2026.

Signed By:
*Robert E. Wier* REW
**United States District Judge**

11